STATE *ex rel.* D. RAY WITHROW *v.* HARRY SURFACE
STATE *ex rel.* HARRY SURFACE *v.* COUNTY COURT OF
KANAWHA COUNTY

(Nos. 6974, 6983)

Submitted February 24, 1931. Decided March 3, 1931.

*Orville Hackney, Lon G. Marks,* and *M. F. Matheny,* for Surface.

*Price, Smith & Spilman* and *J. J. D. Preston,* for Withrow.

*R. G. Kelly,* for County Court.

LITZ, PRESIDENT:

In the first of these cases, the relator, D. Ray Withrow, seeks by writ of mandamus to compel the respondent, Harry Surface, forthwith to vacate and surrender to him the office of a justice of the peace of Cabin Creek District, Kanawha County, and all of the official dockets, records, books and insignia thereunto belonging. The county court of Kanawha County in special session on December 30, 1930, undertook to appoint respondent a justice of the peace of said district to fill a vacancy created by the resignation of Harry Johnson who had been elected to the office at the general election in 1928; and, as evidence of such action, entered the following order:

"At a Special Session of the County Court of Kanawha County, continued and held for said County at the Court House thereof on Tuesday, the 30th day of December, A. D. 1930.

Present: Hon. Henry A. Walker, President and W. H. O'Dell and J. C. Blackwood, Gentlemen Commissioner of the county.

It appearing to the Court that there is a vacancy in the office of Justice of the Peace of Cabin Creek District, Kanawha County, West Virginia, due to the resignation of Harry Johnson.

It is therefore ordered that Harry Surface be and he is hereby appointed Justice of the Peace of Cabin Creek District, Kanawha County, West Virginia, to fill said vacancy until the next General Election or until his successor is elected and qualified.

Thereupon, the said Harry Surface, together with United Fidelity and Guaranty Company, his surety entered into and acknowledged a Bond in the Penalty of $3,500.00 conditioned according to law, and took the oath required by law."

The political complexion of the court having changed on January 1, 1931, from republican to democratic, it entered an order, in regular session, January 19th, accepting the resignation of Johnson and appointing Withrow to fill the vacancy. The relator asserts title to the office under the subsequent order, which is admittedly in legal form, because the order evidencing the claim of respondent does not contain the notice of the special term or recite that it had been posted for two days prior to the meeting, as required by section 6, chapter 39, Code 1923. Realizing that the order, for these reasons, is fatally defective, Surface applied to the county court for an amendatory order incorporating the notice and showing its legal posting. The court having refused to enter the order requested, he, as petitioner in the second case, seeks a writ of mandamus compelling it to do so. The defense of the county court is that it has not authority to amend or change its records after the end of the term at which they have been entered. The alleged notice of the special term of court follows:

"NOTICE OF SPECIAL SESSION

There will be a Special Session of the County Court of Kanawha County, West Virginia, at the Court House thereof, on Tuesday, the 30th day of December, 1930, at 10:00 o'clock, A. M., to transact the following business:

(a) To enable officers of within said County, elected at the last General Election, to qualify as required by law and be prepared to enter upon their respective duties on January 1, 1931;

(b) To probate wills, appoint executors, guardians, committees, and generally to qualify fiduciaries;

(c) And to transact such other business as may properly come before or be transacted by the Court.

R. N. MOULTON, *Clerk,*
*Kanawha County Court.*"

Section 6, chapter 39, Code 1923, provides: "The county court of each county shall hold four regular sessions in each year at the court house thereof, at such times as may be fixed upon and entered of record by said court. It may also hold special sessions, whenever the public interests may require it, to be called by the president with the concurrence of at least one other of said commissioners; and the commissioner, if any, not concurring therein, must have at least twenty-four hours' notice of the time appointed for such special session. A notice of the time of such special session and of the purpose for which it will be held, shall be posted by the clerk of the said court, at the front door of the court house of the county, at least two days before said session is to be held."

In *Mayer* v. *Adams,* 27 W. Va. 244, JUDGE GREEN, speaking for the Court, said: "The county courts in this state at their special sessions are not courts of general jurisdiction but are inferior courts of very limited jurisdiction. Their jurisdiction is not only limited to such cases as the county courts had jurisdiction of, but at the special terms it is by the statute * * * confined to the transaction of such business as the public shall have been notified they would attend to by a notice thereof posted by the clerk of the court at the front door of the

court-house of the county at least two days before the session. It is necessary, therefore that the record of such special session of the county court should on its face show, that such notice was so posted at the front-door of the court-house of the county, and that the particular case or business, which the county court has undertaken to hear and determine or to transact, comes fairly within the purpose named in such notice as the purpose, for which such special session was particularly called.''

Neither the acceptance of Johnson's resignation nor the appointment of Surface to fill the vacancy is, in our opinion, fairly within any of the purposes specified in the notice of the special term of court. Had Johnson been one of the newly elected officers who were expected to qualify it might be plausibly contended that the court would have had power under the call to appoint his successor upon his resignation. But the call applied specifically to officers who had been elected at the previous general election. It is, therefore, unnecessary to determine whether the general rule authorizing courts to amend their records according to the facts applies to county courts in this state.

A writ is awarded in the first case and denied in the second.

*Writ awarded in first case; denied in second.*